CHARLES S. HINE, Respondent, v. THE NEW YORK ELEVATED RAILROAD COMPANY, Appellant.

*Obstruction to light, air and access to land, by an elevated railroad — measure of damages — opinion of a real estate broker as to such damages.*

In this action, brought to recover damages for the obstruction of light, air and access to the plaintiff's premises by reason of the construction of the defendant's elevated railroad, the court held, that the plaintiff was entitled to all the advantages of light, air and unobstructed access to his premises that the open street afforded, and that for any interference by the defendant therewith he was entitled to recover as damages an amount equal to the decrease in the value of the property.

A real estate broker, familiar with the property in question, was called by the defendant and asked: "What has been the effect, in your opinion, of the elevated railroad upon the value of the property, so far as the items of light, air and access to the premises are concerned?" Upon the plaintiff's objection the question was excluded.

*Held*, that this was error.

Appeal from a judgment, entered upon the verdict of a jury at the New York Circuit, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*Julien T. Davies* and *Edward S. Rapallo*, for the appellant.

*William H. Arnoux*, for the respondent.

DAVIS, P. J.:

It is not necessary to enter into any general consideration of the numerous questions presented by counsel and discussed in this case, because we have come to the conclusion that whatever may be our opinion as to those questions, a new trial must be granted in this case, because of the exclusion of proper evidence. The question presented by the court to the jury was one of damages for the obstruction of light, air and access to the plaintiff's premises by reason of the defendant's railroad. The court said to the jury in presenting that question : "The plaintiff is entitled to all the advantages of light, air and unobstructed access to his premises that the open street affords. These are his legal rights and his property rights, of which he cannot be deprived by the defendant without compensation. Now you are to determine to what extent the plaintiff has been interfered with in these respects by the defendant's structure ; and for the amount of damages which he has sustained from these causes in the diminished value of the property, he is entitled to a verdict at your hands."

On the part of the defendant, in the course of the trial Jeremiah Pangburn a witness was called, and gave testimony showing that he was engaged in buying and selling real estate as a broker, and had been for thirty years, in New York ; that he had carried on the business of buying and selling real estate generally all over ; that he had had experience in reference to property on the lower part of the Bowery ; that he was well acquainted with the premises No. 13 Bowery, and knew how they were situated with reference to the elevated railroad ; that he had examined the premises recently with a view to seeing how they are situated, and that the value of the premises at the present time was $37,000 ; and after other testimony, this question was put to him : "What has been the effect, in your opinion, of the elevated railroad upon the value of the property, so far as the items of light, air and access to the premises are concerned ?" This question was objected to by the plaintiff's counsel. The objection was sustained, and the defendant's counsel duly excepted.

We think the answer to this question should have been received. The witness was an expert, and that fact was sufficiently shown to entitle him to express an opinion on the subject. The opinion called for related to the precise question of damages which, as will be seen above, the court submitted to the jury, and there is no reason why the opinions of experts are not admissible upon those questions. We are unable, of course, to say how far the answer of this witness might have affected the verdict of the jury; but his answer was something which the defendants were entitled to have laid before the jury for their consideration. No objection was taken on the ground that he was not sufficiently shown to be an expert, nor on the ground that the question went further than the evidence in assuming, amongst other things, that access to the premises had been affected by the defendant's structure, nor, indeed, upon any ground except the simple question of the admissibility of the opinion of an expert upon the diminished value of the property by reason of the obstruction of light, air and access.

The defendants were deprived of a substantial right by the exclusion of the answer to this question. We are unable to see any ground upon which we can disregard the error of its exclusion.

Some other questions of a similar character might be alluded to, one of which is this: At the close of the charge the defendant's counsel asked the court to charge that there is no proof in this case of obstruction of access to the plaintiff's premises. The court declined so to charge and the defendant's counsel duly excepted. A careful examination of the evidence shows, we think, that no such proof can be found in the case, and the court ought, therefore, to have given the charge as requested, because the charge had previously submitted such obstruction as one element of damage.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Brady and Daniels, JJ., concurred.

Judgment reversed, new trial granted, costs to abide event.